CHARLES O. READ *et al.*, Trustees *vs.* MARY D. A. SAYLES *et al.*

MARCH 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Wills. Income Tax. Apportionment.*

Under a will providing for annuities "free and clear of all legacy, inheritance income or other taxes or duties", to beneficiaries who were in receipt of a substantial income from sources other than the annuity under the terms of the will, the entire income tax of beneficiary should be apportioned between the trustees and the beneficiary ratably in proportion to the amount of the annuity and the amount of income received from other sources, and the amount of tax so apportioned to the trustees should be considered as payable by them; as it is the duty of trustees to pay no more of annuitant's total income tax than can be justly ascribed to such annuity.

*(2) Wills. Income Tax. Apportionment.*

Where an income tax is to be paid in part by trustees under a will which gave the annuities free from taxes, such part of the income as can be identified

as subject only to certain taxes, should only enter into the apportionment of such taxes and not into the apportionment of the other taxes, and any deductions that can be definitely allocated to a class of the beneficiary's income should be deducted from the beneficiary's income other than the annuity.

(*3*)  *Wills.    Income Tax.    Apportionment.*

Where a will gave annuities free from payment of taxes, the income tax previously paid by the trustees upon a beneficiary's annuity should be regarded as part of the beneficiary's income, other than the annuity which has been paid to the beneficiary to enable her to receive the annuity itself free and clear of tax.

BILL IN EQUITY for construction of will.    Certified from Superior Court.

SWEETLAND, C. J.    This is a suit in equity asking for the construction of certain provisions of the will of Frank A. Sayles, late of Pawtucket, deceased, and for instructions relative thereto.    In the Superior Court a guardian *ad litem* was appointed for each infant respondent and there was also appointed a representative of the contingent interests of all persons not in being or not ascertainable whose interests might be affected by the decision in this cause.

The case being ready for hearing for final decree in accordance with the statute has been certified to this court for determination.    Said will and five codicils, as affected by a certain agreement of compromise duly authorized and approved by the Superior Court, were finally probated by the Superior Court upon appeal.    The will and codicils provided for the payment of certain sums annually, hereinafter called annuities, to the testator's widow, to Maurice K. Washburn and to Rebecca L. Davis, during their respective lives and to each of the testator's four daughters until she attains the age of thirty-five years.    As to the payment of said annuities to the beneficiaries, the fourth codicil provides that said annuities "shall be paid to them free and clear of all legacy, inheritance, income or other taxes or duties, and that such taxes and duties shall be paid by my executors or trustees as the case may be, in exoneration of the annuities and payments of income aforesaid."

Each of said beneficiaries is in receipt of a substantial income from sources other than the annuity under the terms of the will. This was well known to the testator at the time of the execution of the will, and at the time of his death. From that fact arises the questions in regard to which construction and interpretation of the will are sought.

The federal revenue acts in force since the death of the testator have each imposed graduated income taxes and sur-taxes, rather than uniform rate of tax, which results in a variation of the rate of tax, dependent upon the amount of the taxpayer's income the rate increasing as the amount of income increases. The effect of that condition in the matter before us is that when the amount of the income arising from the annuity is added to the other income of each of these beneficiaries, the rate of normal tax and of sur-tax is thereby increased beyond the rate which would have been imposed if the beneficiary did not receive the annuity under the will and, also beyond the rate of tax which would have been imposed upon the income arising from the annuity if that had been the sole source of income of such beneficiary.

The testator clearly intended that as to each annuitant all of the federal income tax and sur-tax imposed by reason of the annuity should be paid by the trustees. It is also the duty of the trustees in protection of the estate to pay no more of the annuitant's total income tax than can be justly ascribed to such annuity.

As to most items of income, the federal taxing authorities do not apportion the amount of tax which is assessed against a specific item of income derived from a distinct source, but for the purpose of income taxation treat the taxpayer's income as a single unit and then assess the gross amount of tax properly ascribable to the total amount of income.

Doubt has arisen as to the method which shall be employed by the trustees in determining the portion of the total income tax and sur-tax imposed upon the income of each of these beneficiaries which shall be paid by the

trustees for the purpose of exonerating the annuity to such beneficiary under the provisions of the will.

Three possible methods of making such determination and allocation have been suggested.

1.  By computing the tax that would be imposed on the beneficiary's income if he received no income except the annuity, and considering that amount of tax as payable by the trustees.

This method, it appears to us, would clearly fail to carry out the testator's intention that the beneficiary should receive the annuity free and clear of all income taxes and duties. The presence of the annuity as a constituent part of the annuitant's total income has, under the revenue act, increased the rate imposed upon every portion of the total income, including the annuity itself, and yet under this method the annuitant would receive from the trustees in exoneration of the annuity no portion of the increased amount of tax upon the annuity consequent upon the increased rate of income tax and sur-tax.   The result would be that by reason of the annuity an increased burden of income taxation has been placed upon the beneficiary and contrary to the intention of the testator no portion of such increased burden is carried by the trustees.

The second method suggested is as follows:  "2.  By computing the tax upon the beneficiary's entire income from all sources and subtracting therefrom the tax which would be imposed if the beneficiary received no annuity from the trustees, and considering the balance as the amount of tax payable by the trustees."

This method is unfair to the trust estate and results in a payment by the trustees of a portion of the beneficiary's income tax which is in excess of the amount necessary to exonerate the annuity.   By reason of the fact that the beneficiary's other income is placed in the same total with the annuity, the rates and the amount of tax ascribable to each item of income is increased and yet by this second method suggested the whole increase is ascribed to the

annuity and the whole of such increase would be paid by the trustees in exoneration of the annuity, thus relieving the other income of the beneficiary from all of the added burden of taxation placed upon it by reason of the fact that it had become a component part of a larger total of income. The purpose of the testator was that the beneficiary should receive the annuity free and clear of all income taxes and duties. It can not, however, fairly be construed as his intention that the trustees should relieve the annuitant of any portion of the burden of increased taxation imposed upon that.beneficiary's other income even though under the revenue act such increase might result from the testator's bounty in creating the annuity.

The third possible method suggested for determining the portion of the beneficiary's total income tax which should be paid by the trustees in exoneration of the annuity is as follows:

"3. By computing the tax upon the beneficiary's entire income and apportioning it between the trustees and the beneficiary ratably in proportion to the amount of the annuity and the amount of income received from other sources, and considering the amount of tax so apportioned to the trustees as payable by them."

This appears to us to be the equitable method. The annuity and the other income of the beneficiary are each component parts of the total income. To the combination of them both should be ascribed the increased rate and the increased amount of tax, and between them, to each in the same proportion that its amount bears to the total amount of the income, should the total tax be apportioned.

Solicitors for the parties have not been able to cite to us any American authority bearing upon these subjects and we have not discovered any. Counsel have cited to us the following English cases: *In re Bowring: Wimble* v. *Bowring*, 34 Times L. R. 575 (Ch. Div. 1918); *Re Doxat: Doxat* v. *Doxat*, 125 L. T. Rept. 60 (Ch. Div. 1920); *Wordie's Trustees* v. *Wordie* (1921), 59 Scot. Law Rep. 39; 1922 S. C. 28; *In*

*re Bowen*: *Paddock* v. *Bowen*, 1925 Weekly Notes 206. Although the English income tax acts differ in some respects from the American, in circumstances analogous to those presented here the English cases appear to support the principle of apportionment involved in the third method approved by us.

The third method is, however, subject to certain limitations which arise by reason of provisions of the revenue act. It has been pointed out to us that certain parts of the income of some, if not all, of these beneficiaries can be identified as subject only to certain taxes, for instance, dividends of domestic corporations are subject only to surtax and the amount of such dividends should only enter into the apportionment of sur-taxes and not into the apportionment of the normal tax. Again, certain deductions which may be definitely allocated for a class of the beneficiary's income should be deducted from that beneficiary's income other than the annuity. An instance would be a loss in the sale of the beneficiary's property. In such case the trustees should receive no benefit from the reduction unless the loss exceeds the beneficiary's income exclusive of the annuity, and the balance of the loss of income is deducted from the annuity, in which case such balance of loss would cut down the amount of tax ascribable to the annuity and payable by the trustees. We approve the following statement of the effect of these limitations: "Any income which can be identified as taxable at a certain rate shall be taxed at such rate and any deduction which can be definitely ascribed to certain income shall be deducted from such income."

Another question has been presented to us. Shall the income tax previously paid by the trustees upon a beneficiary's annuity be regarded as a part of the annuity under the provisions of the will and codicils and like the annuity itself be paid free from income tax, or should it be regarded as part of the beneficiary's income, other than the annuity which has been paid to the beneficiary to enable her to

receive the annuity itself free and clear of income tax and duty? We regard it as the latter. The codicil provides that the annuity shall be paid free of taxes. Such provision does not admit of the construction that the distribution on account of such taxes shall also be made free of taxes. Such construction would lead to the unreasonable result that it was within the testator's intention that in each year the trustees should pay out of the trust estate an income tax not only upon the annuity but also upon the constantly increasing items of income arising from the payment of income taxes upon income taxes paid in the past.

On March 11, 1927, at 10 o'clock a. m. the parties may present a form of decree in accordance with this opinion.

*Robert B. Dresser, Robert E. Jacobson, Edwards & Angell,* for complainants.

*Lester S. Walling,* guardian *ad litem* for various respondents &c.

*Benjamin F. Lindemuth,* guardian *ad litem* for Hope Sayles.

*Kirk Smith,* for other respondents.